A. COLE, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 5, 1908.

1. **STREET RAILWAYS: Collision: Negligence: Humanitarian Doctrine: Demurrer to Evidence.** *Held,* the evidence was sufficient to send the case to the jury on the theory of the humanitarian doctrine which requires the operator of a dangerous instrument, after he is warned by the appearances of the situation that a human being is in peril, to make every effort to avoid the injury regardless of whose fault brought the same about or whether such fault is continuing at the time of such warning.

2. **PERSONAL INJURY: Damages: Loss of Earnings: Pleading: Cured by Verdict.** After verdict the averments of the petition not challenged by demurrer or motion are to be liberally construed in favor of the pleader. *Held,* the allegations of the petition are sufficient to support a recovery for loss of time and earnings where evidence in that regard is admitted without objection.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*John H. Lucas, Ben. T. Hardin* and *Halbert H. McCluer* for appellant.

(1) The court erred in refusing to give the instruction in the nature of a demurrer interposed by the defendant at the conclusion of plaintiff's evidence and renewed at the close of all the evidence, for the reason that under the pleadings and the evidence the plaintiff was not entitled to recover. Van Bach v. Railroad, 171 Mo. 338; Boyd v. Railroad, 105 Mo. 371; Guyer v. Railroad, 174 Mo. 351; Porter v. Railroad, 199 Mo. 99; Renfeld v. Railroad, 180 Mo. 565; Green v. Railroad, 192 Mo. 233; Boring v. Railroad, 194 Mo. 549; Stotler v. Railroad, 204 Mo. 619; Schmidt v. Railroad, 191 Mo. 233; Carrier v. Railroad, 175 Mo. 482; Hartman v. Transit Co., 112 Mo. App. 439; Grout v. Railroad, 102 S. W. 1028, 1029; Sites v. Knott, 197 Mo. 713; Rissler v. Transit Co., 113 Mo. App. 125. (2) The court erred in giving instructions Nos. 1 and 2, and each of them, requested by the plaintiff. As to No. 2: Chenoweth v. Sutherland, 107 S. W. 9; Brake v. Kansas City, 100 Mo. App. 611; Stoetzel v. Sweringen, 96 Mo. App. 592; Haworth v. Railroad, 94 Mo. App. 216; Slaughter v. Railroad, 116 Mo. 269; Cobb v. Railroad, 149 Mo. 609; Culberson v. Railroad, 50 Mo. App. 556; Rhodes v. Nevada, 47 Mo. App. 499; Knight v. Kansas City, 113 Mo. App. 565.

*Buckner & Houston* for respondent.

(1) Instruction No. 1 complained of has been directly approved by the Court of Appeals and is a correct rule of law. Meng v. Railroad, 108 Mo. App. 553, and authorities there cited. The instruction criticised is copied literally from the instruction in that case. (2) The plaintiff's petition sufficiently plead the damages for loss of time. Brake v. Kansas City, 100 Mo. App. 15, and authorities there cited. (3) There was evidence of value of plaintiff's services and loss of time.

(4) The instruction allowing the jury to find the value for the loss of time was proper, even though there had been no evidence of the value of such services. Drogmund v. Railroad, 122 Mo. App. 123; Murray v. Railroad, 101 Mo. 241; Smith v. Railroad, 108 Mo. 243; Rhodes v. Nevada, 47 Mo. App. 350.

JOHNSON, J.—Action to recover damages resulting from personal injuries alleged to have been caused by the negligence of defendant. Verdict and judgment were for plaintiff and the cause is here on the appeal of defendant, whose principal contention is that its request for a peremptory instruction directing a verdict in its favor should have been sustained.

The case was here before on defendant's appeal and the judgment was reversed and the cause remanded on account of error in the instruction (121 Mo. App. 605). We decided that the facts then before us entitled plaintiff to go to the jury on the issue of defendant's negligent failure to discharge the duty it owed plaintiff under the principles of the "humanitarian" doctrine and, therefore, that the trial court was right in overruling the demurrer to the evidence. Defendant argues that the facts in the present record differ in essential features from those considered on the former appeal, but we fail to discover any important difference and must hold, as we did then, that while the evidence most favorable to plaintiff convicts him in law of negligence which directly contributed to placing him in a perilous position, it further shows that defendant was guilty of negligence in not making a reasonable effort to stop the car after the peril of plaintiff should have become apparent to the motorman, had he been attending to his business properly. For the reasons given in our former opinion, we find no error in the refusal of the peremptory instruction. We further find that the learned trial judge, in the instructions given, correctly submitted the

issue of negligence to the jury. Defendant is wrong in thinking that the contributory negligence of plaintiff, if continued to the moment of the collision, deprived him of a cause of action. The fact that his negligence may have been coincident with that of defendant in failing to perform its humanitarian duty is immaterial. That duty arises from the fact that the person endangered has negligently placed himself in peril and the obligation it imposes in no wise is dependent on the question of whether his negligence may be antecedent to or contemporaneous with the injury. Whenever it appears that the operator of the instrument of injury was warned, or if in the exercise of reasonable care should have been warned, by the appearances of the situation confronting him, that a human being was in peril, it then became his absolute duty to make every reasonable effort to avoid the injury, regardless of whose fault brought about the peril.

There is no merit in the contention of defendant that the court erred in authorizing the jury in the instruction on the measure of damages to take into consideration "the reasonable value of any loss of time from his business he has sustained on account of said injuries, if any." Loss of earnings is a special damage which must be specially pleaded and proved to be properly included with the recoverable damages. It is alleged in the petition that "he (plaintiff) has been hindered and prevented by reason of such injuries from attending to his affairs and business and has been unable to earn for himself and family a livelihood." The sufficiency of this allegation was not attacked, but defendant answered to the merits and at the trial offered no objection to the testimony of plaintiff (who followed the vocation of teamster), "that the value of his time and team was $5 per day," during the period he was incapacitated from work by his injuries. The rule is well settled that after verdict the averments of the peti-

tion not challenged by demurrer or motion are to be liberally construed in favor of the pleader and, applying this rule, we are of opinion that the allegation in question should be deemed sufficient to support a recovery for loss of time.

The judgment is affirmed. All concur.